IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES A. MAHAN

v.  CIVIL ACTION

NO. 23-4021

ALLEN R. MILLER, et al.

SCHMEHL, J.  /s/ JLS  SEPTEMBER  11, 2024

    Plaintiff brought this action *pro se,* claiming that two Orders issued by Judge Anthony S. Beltrami of the Court of Common Pleas of Northampton County violated his rights under the Fifth Amendment not to have his private property taken for public use without just compensation and under the Eighth Amendment not to have excessive fines imposed against him. Named as Defendants are several private residents all of whom own parcels of land live on the same street as Plaintiff in Mt. Bethel, Pennsylvania and all of whom were on the winning side of a lawsuit they filed against Plaintiff in the Court of Common Pleas of Northampton County to quiet title and enforce their easement rights.[1] Presently before the Court is the motion of the Defendants to dismiss for failure to state a claim pursuant to Fed. R, Civ. P. 12(b)(6). For the reasons that follow, the motion is granted.

    Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters

---

[1] The named Defendants are Allen Miller and Janet H. Miller Family Trust, Edward T. Ott and Nancy O. Ott, his wife, David L. Ott and Lisa R. Ott, his wife, Robert G. Ott and Lori J. Ott, his wife, and Gregory Conklin.

1

of public record, orders, and exhibits attached to the complaint, are taken into consideration. See *U.S. Express Lines, Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2020); *Chester County Intermediate Unit v. Pa. Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp*., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp*., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

      According to the Complaint and attached exhibits, Plaintiff has been embroiled in legal action with his Defendant neighbors for quite some time over the Defendants having access to Kovar Lane, a private road which traverses through Plaintiff's property. The Defendants need to use Kovar Lane in order to access their properties. Defendants brought suit against Plaintiff in the Court of Common Pleas of Northampton County to allow them to use Kovar Lane to access their properties. Following a non-jury trial, Judge Beltrami ruled on February 10, 2021, *inter alia*, that the Defendants in this case have express easements through the portion of Kovar Lane that traverses Plaintiff's property in order to access their properties.

      In his Order of March 25, 2022, Judge Beltrami held Plaintiff in civil contempt of his February 10, 2021 Order and directed the Plaintiff to pay a fine of $10,000 to the Miller Plaintiffs, a fine of $10,000 to the Ott Plaintiffs and a fine of $10,000 to Gregory Conklin as well as attorney fees in the amount of $3717.00.The Order permitted Plaintiff to purge the contempt finding by conveying certain easements to the Plaintiffs or by hiring, at his own expense, a third-party contractor to bring the road in dispute into compliance with the Court's previous order. (ECF 1-1, pp. 2-4.)

In his Order of August 17, 2023, Judge Beltrami issued a second contempt citation against the Plaintiff. The Order permitted the Plaintiff to purge the contempt citation if he completed certain purge conditions, including hiring a third-party contractor to restore the north south portion of Old Kovar Lane to its original footprint, paying the Plaintiffs attorney fees in the amount of $21,100.00 and reimbursing them $521.05 for gravel. The Order also granted the Plaintiffs the right to use the new crossing bridge at the entrance to Kovar Lane from River Road as part of the easement determined by the Court's Decision and Verdict filed on February 10, 2021. (ECF 1-1, pp. 8-11.)

Plaintiff requests that this Court vacate Judge Beltrami's Orders because he claims the fines the Orders levy against Plaintiff ($30,000) are excessive in violation of the Eighth Amendment and because the actions that the Orders require Plaintiff to take to purge the contempt constitute a taking of his property without just compensation in violation of the Fifth Amendment.

As an initial matter, the Plaintiff may not bring an action in federal court under the Fifth or Eighth Amendment (or any other Amendment). Those Amendments do not create a cause of action; they only create rights. To enable individuals to enforce the rights created by the Constitution, Congress enacted 42 U.S.C. § 1983 as a federal cause of action. *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 755, (2005); *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir.2001). Since Plaintiff is proceeding *pro se*, the Court will construe the Complaint as asserting claims under 42 U.S.C. § 1983 for violation of his Fifth and Eighth Amendment rights.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States,  and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487

U.S. 42, 48 (1988). Whether a private entity is acting under color of state law or is a state actor depends on whether there is " 'such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Our Court of Appeals has "outlined three broad tests ... to determine whether state action exists":

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state;
> (2) whether the private party has acted with the help of or in concert with state officials; and
> (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

Plaintiff does not allege that any of the individual private Defendants took any actions that would constitute state action under any of these three tests. Moreover, private individuals do not become "state actors" because they comply with a judicial order of a state court that another party contends is improper. *See generally, Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Belfi v. Radius Bancorp,* 2022 WL 93930 at *4 (E.D. Pa. Jan. 10, 2022).

Since it is clear that none of the Defendants are state actors for purposes of 42 U.S.C.§ 1983, the Complaint will be dismissed with prejudice for failure to state a claim.

"If a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted.) Here, any amendment would be clearly futile since none of the named Defendants are state actors. Even if Plaintiff were to add Judge Beltrami as a defendant, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).Absolute judicial immunity extends even where a judge's action "was in error, was done maliciously, or was in excess of his authority." *Id*. Our Court of Appeals instructs us absolute judicial immunity applies both to claims seeking monetary damages and to claims for injunctive relief. *See Azubuko v. Royal*, 443 F.3d 302 (3d Cir. 2006); *Catanzaro v. Cottone*, 228 F. App'x 164 (3d Cir. 2007); *Bubinovsky v. Pennsylvania*, 455 F.App'x 163 (3d Cir. 2011); *Clark v. Punshon*, 516 F.App'x. 97 (3d Cir. 2013). Judicial immunity is abrogated only where a judge has acted "in the clear absence of all jurisdiction." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko*, 443 F.3d at 303).